**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**November 14, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **E.H., A.H., G.H., and S.H.**

**No. 16-0393** (Wood County 15-JA-21, 15-JA-22, 15-JA-23, & 15-JA-177)

**MEMORANDUM DECISION**

Petitioner Father R.H., by counsel Krista L. Fleegle, appeals the Circuit Court of Wood County's March 21, 2016, order terminating his parental rights to eight-year-old E.H., five-year-old A.H., three-year-old G.H., and eleven-month-old S.H. without granting post-termination visitation.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Travis C. Sayre, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying him post-termination visitation with the children.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2015, the DHHR filed an abuse and neglect petition against petitioner. In that petition, the DHHR alleged that petitioner harmed his children by failing to provide safe housing and by engaging in domestic violence in the home with the mother of A.H. and G.H.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent minor stylistic revisions and the applicable changes have no impact on the Court's decision herein.

1

In June of 2015, the circuit court held an adjudicatory hearing. At that hearing, petitioner voluntarily stipulated to the allegations in the petition. The circuit court accepted petitioner's stipulation and adjudged him to be an abusing parent.

In July of 2015, at a review hearing, petitioner agreed to terms and conditions designed to improve his parenting, and the circuit court granted him a post-adjudicatory improvement period. The terms and conditions of that improvement period specifically included petitioner's submission to weekly drug screens, to regular visits with his children, to a psychological evaluation, and to comply with the recommendations of a domestic violence assessment.

In November of 2015, the DHHR filed an amended petition to include S.H. in this action. In that petition, the DHHR alleged that the conditions of abuse and neglect at issue in the first petition had not been corrected. At a hearing in December of 2015, petitioner stipulated to the allegations in the amended petition. Although the results of petitioner's domestic violence assessment are not in the record on appeal, petitioner began attending a thirty-two week domestic violence intervention class in December of 2015 as part of his improvement period.

In late December of 2015, petitioner's psychological evaluation was completed. In the report prepared from that evaluation, the psychologist noted that petitioner attempted to deceive a social worker in February of 2015 by hiding a woman in his home who had previously been ordered by a family court judge to not have contact with his children. The psychologist reported that petitioner expressly told the social worker that the woman was not in his home, and the social worker only found her there after noticing a strange shadow moving at the end of a hallway.

In March of 2016, the circuit court held a dispositional hearing. At that hearing, the circuit court heard testimony that in January and February of 2016 petitioner (1) tested positive for hydrocodone, hydromorphone, oxymorphone, and oxycodone without a valid prescription; (2) missed at least one drug screen and approximately eight visits with his children (although he argued that his absences were unavoidable due to weather, sickness, and car trouble); and (3) missed two domestic violence intervention classes, which required him to restart the thirty-two week program. The circuit court found that petitioner's drug use, failed domestic violence intervention, and attempt to deceive a social worker required termination of his parental rights. The circuit court also denied petitioner post-termination visitation with the children due to (1) petitioner's failure to attend scheduled visits with the children during the proceedings, and (2) his failure to address the issues of domestic violence present in his home. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire

2

evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner assigns error to the circuit court's failure to grant him post-termination visitation with his children. With respect to post-termination visitation, we previously have held that

> [w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well[-]being and would be in the child's best interest.

Syl. Pt. 5, *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995). Under our holding in *Christina L.*, the decision to grant post-termination visitation is a discretionary one for the circuit court based on its consideration of the circumstances of the case before it.

Here, petitioner acknowledges that his children were too young to properly express their wishes regarding continued visitation with him. However, petitioner maintains that post-termination visitation was in the children's best interests because he shared a bond with them and continued visitation was not detrimental to their well-being. Following our review of the record on appeal, the parties' arguments, and pertinent legal authority, we find no abuse of discretion in the circuit court's decision to deny post-termination visitation based on the facts of this case. The record on appeal clearly shows that petitioner missed multiple visits with his children in the months preceding the dispositional hearing; that he failed to complete his domestic violence intervention program; and that he tested positive on at least two drug screens for multiple controlled substances. Given those instances of petitioner's missed visits, unreliability, and drug use, we find no error in the circuit court's ruling that post-termination visitation was inappropriate in this case.

3

For the foregoing reasons, we hereby affirm the circuit court's March 21, 2016, order.

Affirmed.

**ISSUED**: November 14, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II